UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BERNACINE BARNES,<br><br>         *Plaintiff*,<br><br>      v.<br><br>MONMOUTH COUNTY DIVISION OF SOCIAL SERVICES, et al.,<br><br>         *Defendants*. | Civil Action No.: 3:18-cv-7752 (PGS)(TJB)<br><br>**MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Defendant's Motion to Dismiss Count IV of Plaintiff's First Amended Complaint (FAC). Beginning in May 1999, plaintiff Bernacine Barnes worked as a clerk for the County of Monmouth, Division of Social Services (hereinafter "MCDSS") in the Customer Care Center. (ECF No. 18, at ¶ 7). Defendant Hetty Rosenstein was the New Jersey Area Director for the Communications Workers of America, AFL-CIO ("CWA"), a labor union. (*Id.* at ¶ 5). Defendant Jenelle Blackmon was a Staff Representative for the CWA. (*Id.* at ¶ 6).

While working at the MCDSS, plaintiff's primary responsibilities included assisting county residents with requests for cash assistance, food stamps, emergency shelter and housing, and medical benefits from county programs. (*Id.*) Plaintiff is African American, a Jehovah's Witness, and at the time of the filing of the FAC, was 55 years old. (*Id.* at ¶ 8). While working at the MCDSS, plaintiff received only cost of living raises, and did not receive any merit raises or promotions. (*Id.* at ¶ 9).

1

From February 2012 to July 2017, plaintiff made a series of complaints to defendant MCDSS wherein she complained that she was being mistreated by her supervisors at MCDSS. Specifically, she alleges that discriminatory treatment based on her race and religion, and that MCDSS refused to provide reasonable accommodations for a disability relating to her spine. (See Id. at ¶¶ 10-22). In March 2017, she alleges that her supervisors humiliated her in front of her colleagues. (*Id.* at ¶¶ 18-23). When she wrote to her supervisor to memorialize the incident, she copied her union official on the email, and was subsequently written up for improper use of the computer to communicate with the Union. (*Id.* at ¶¶ 18-23).

On March 30, 2017, plaintiff met with two Union Officials and two supervisors from MCDSS to discuss the March 2017 events. (*Id.* at ¶ 24). At that meeting, plaintiff alleges that the supervisors from MCDSS accused her of using inappropriate tones and language in her emails, and started to unilaterally amend the final record of the meeting. (*Id.*) On May 5, 2017, plaintiff alleges that defendant Jenelle Blackmon refused to provide her union representation during a disciplinary proceeding brought against her. (*Id.* at ¶ 26). On June 18, 2017, plaintiff alleges that defendant Hetty Rosenstein refused to provide her union representation during a disciplinary proceeding brought against her. (*Id.* at ¶ 28). Finally, on August 17, 2017, plaintiff was suspended indefinitely without pay, and terminated from MCDSS on October 13, 2017. (*Id.* at ¶¶ 34-35). She later filed a charge of discrimination with the Equal Employment Opportunity Commission, and was issued a right to sue letter. (*Id.* at ¶¶ 36-37).

Plaintiff filed her amended complaint on August 9, 2018, bringing the following claims: Count I, Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§

2

12101-12213 against MCDSS; Count II, Violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 against MCDSS; Count III, Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e against MCDSS; Count IV, Breach of Duty of Fair Representation against the CWA defendants; Count V, Violation of the New Jersey Conscientious Employee Protection Act, N.J.S.A. § 34:19-1 against MCDSS (Count V); Count VI, Violation of the New Jersey Law Against Discrimination ("NJLAD") (age) N.J.S.A. § 10:5-1 against MCDSS; Count VII, Violation of NJLAD (Disability/handicap), N.J.S.A. § 10:5-1 against MCDSS; and Count VIII, Violation of NJLAD (Ancestry/descent/religion) N.J.S.A. § 10:5-1 against MCDSS.

Presently before the Court is the CWA defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). Accordingly, the only claim before the Court is Count IV, Breach of Duty of Fair Representation by against the CWA defendants.

I

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Third Circuit set forth a three-part analysis for determining whether not a complaint may survive a motion to dismiss for failure to state a claim:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

"This means that [the] inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir.), *cert. denied*, 531 U.S. 1149 (2001).

"The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

4

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), . . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).

## II

Unions owe a duty of fair representation to all members "without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967). To state a claim for union's breach of the duty of fair representation, a plaintiff must allege "that the union's conduct was arbitrary, discriminatory, or in bad faith." *Klimek v. Sunoco Partners LLC*, No. 11-01988, 2014 U.S. Dist. LEXIS 89014, at *37 (D.N.J. June 27, 2014) (citing *Vaca*, 386 U.S. at 190). A union acts arbitrarily "only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational." *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 111 (1991) (quoting *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338, (1953)) (internal citations omitted). "[P]roof that the union may have acted negligently or exercised poor judgment is not enough to support a claim of fair representation." *Bazarte v. United Transp. Union*, 429 F.2d 868, 872 (3d Cir. 1970) (citing *Vaca*, 386 U.S. at 193). "It is therefore essential to plaintiff's claim that there should have been proof of 'arbitrary or bad-faith conduct on the part of the Union in processing his grievance'." *Id.* (quoting *Vaca*, 386 U.S. at 193).

Plaintiff has failed to state a claim for breach of duty of fair representation against the CWA defendants. In her complaint, plaintiff only alleges the following against the Union representatives:

> 26. On May 5, 2017, defendant, Jenelle Blackmon refused to provide union representation to Ms. Barnes in a disciplinary proceeding brought by the defendant against Ms. Barnes.
>
> . . . .
>
> 28. On June 28, 2017, defendant, Hetty Rosenstein, refused to provide union representation to Ms. Barnes in a disciplinary proceeding brought by the defendant against Ms. Barnes.
>
> . . . .
>
> 51. Defendants, Hetty Rosenstein and Jenelle Blackmon, breached their duty of fair representation owed to plaintiff, Bernacine Barnes, by (1) failing to prosecute plaintiff's meritorious grievances (2) failing to provide Plaintiff with a defense to disciplinary actions brought against her and (3) otherwise properly represent her in the hostile work environment, in a arbitrary, discriminatory and bad faith manner.

As one can see, plaintiff simply states that the CWA defendants failed to provide plaintiff with union representation. Plaintiff does not discuss how the CWA defendants acted in an arbitrary manner or lacked good faith when they failed to prosecute her grievances, and failed to provide her with a defense to the disciplinary actions brought against her.

In opposition, Plaintiff points to "30 paragraphs of factual averments" which she argues sufficiently alleges a breach of duty of fair representation against the CWA defendants. (Pl. br. at 2, ECF No. 23). However, these paragraphs relate solely to MCDSS, and not the CWA defendants. Plaintiff does not relate or connect how these "30 paragraphs

6

of factual averments" to the actions or inactions of the CWA defendants. Moreover, plaintiff does not describe how these 30 paragraphs demonstrate that the CWA defendants were arbitrary, discriminatory, or acted in bad faith. Instead, plaintiff alleges conclusory statements that the CWA defendants breached their duty of fair representation, and this is insufficient to set forth a cause of action. For these reasons, plaintiff has failed to state a claim for breach of duty of fair representation. Accordingly, Count IV of plaintiff's claim is DISMISSED without prejudice.

## ORDER

This matter having come before the Court on Defendants Hetty Rosenstein and Jenelle Blackmon's (the CWA Defendants) Partial Dismissal of Plaintiff's Second Amended Complaint (ECF No. 21); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 11th day of December, 2018,

**ORDERED** that the CWA Defendants' Motion for Partial Dismissal of Plaintiff's First Amended Complaint is **GRANTED**. Count IV of Plaintiff's complaint is dismissed without prejudice. Plaintiff shall file a Second Amended Complaint within 30 days of the date of this order.

_____
PETER G. SHERIDAN, U.S.D.J.